IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
---------------------------------------
UNITED STATES OF AMERICA,

                Plaintiff,

  v.                                          ORDER

THOMAS TRAMMELL,                        07-CR-090-S

                Defendant.
---------------------------------------

     Defendant Thomas Trammell was indicted on the charge of armed bank robbery. Defendant moves to suppress the following items seized in a January 17, 2006 search of his residence pursuant to a state search warrant: a June 29, 2005 Klein Bank notice of NSF, indicating a returned check in the amount of $168.23 and an account balance of minus $420.12; a July 9, 2005 County Market Receipt indicating the use of a $100 bill to pay a $35.55 grocery balance and July 9, 2005 receipt for purchase of used Sony Play Station and discs for $149.99.

     On September 25, 2007 the Honorable Stephen L. Crocker, United States Magistrate Judge, recommended that defendant's motion to suppress evidence be denied.

     On October 5, 2007 defendant's counsel filed objections to the report and recommendation. Specifically, he objects to the Magistrate Judge's finding that the searching officers had probable cause to believe that the item is linked to criminal activity.

     Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the report and recommendation and finds as follows.

FACTS

On January 25, 2006 defendant was arrested and linked to the July 8, 2005, robbery of the First National Bank of Hudson, Wisconsin at which the robber fled with $2101.  Bank cameras had captured images of the robber.  Agents knew that the Hudson bank robber also had been videotaped in a nearby Wal-Mart store accompanied by an unknown woman about 30 minutes before the bank robbery.

On January 10, 2006, agents sought and obtained from a Minnesota state court a warrant to search Trammell's apartment for clothing of the sort worn by the Hudson bank robber, for sales receipts and other documents relating to the Wal-Mart store visit, and for receipts, papers, and other documents indicating travel by Trammell to Hudson, Wisconsin the week of July 8, 2005.  The agents went to Trammell's apartment to execute their warrant.  Trammell was in custody for the Minnesota bank robbery but Amanda was home with her children.  She agreed to answer the agents' questions and admitted that things had been tough financially for the family for some time.

On January 17, 2006, the agents sought and obtained a second warrant for Trammell's apartment.  They sought the same clothing, same types of documents, plus documents related to the car loan that Amanda had told the officers she had paid on July 9, 2005 and any documents evidencing employment in Hudson for Trammell.  Agents executed this warrant that same day.  They seized the following items: a June 29, 2005 Klein Bank notice of NSF, indicating a returned check in the amount of $168.23 and an account balance of minus $420.12; a July 9, 2005 County Market Receipt indicating the use of a $100 bill to pay a $35.55 grocery balance and

2

July 9, 2005 receipt for purchase of used Sony Play Station and discs for $149.99.

MEMORANDUM

Defendant objects to the seizure of these items contending that they were not included in the warrant's list of items to be seized and were not subject to off-warrant seizure pursuant to the plain view doctrine.

Officers searching pursuant to a warrant may also seize additional evidence that falls within the plain view doctrine, which allows an agent to seize any additional object or document if: (1) the agent has a legal right to be in the place whence he sees this item; (2) The officer has a lawful right of access to the object itself; and (3) The object's incriminating nature is immediately apparent to the agent. Russell v. Harms, 397 F.3d 458, 465 (7th Cir. 2005). "The incriminating nature of an object is 'immediately apparent' if, under the circumstances, the officer has probable cause to believe that the item is linked to criminal activity." Id. Agents may seize any document that, under the circumstances known to them, they have probable cause to believe was evidence of a crime. Id.

The Magistrate Judge found that plaintiff's wife's statement on January 10, 2006 that things that been tough financially for some time meant that for a long time prior to July 8, 2005 the family had been financially strapped. Defendant objects to this finding.

The Court believes that the wife's statement did not refer to a long time prior to July 8, 2005. Rather, the Court finds that her statement referred to some time prior to her January 10, 2006 interview which included the time of the bank robbery in July 2005.

It was reasonable for the searching officers to conclude that a June 29, 2005 Klein Bank notice of NSF, indicating a returned check in the amount of $168.23 and an account balance of minus $420.12; a July 9, 2005 County Market Receipt indicating the use of a $100 bill to pay a $35.55 grocery balance and July 9, 2005 receipt for purchase of used Sony Play Station and discs for $149.99 was linked to defendant's criminal activity of the bank robbery. This evidence corroborated the family's financial straits at the time of the bank robbery and their cash windfall the day after the robbery. These documents were directly relevant to proving that defendant robbed the Hudson bank.

The June 29, 2005 Klein Bank notice of NSF, indicating a returned check in the amount of $168.23 and an account balance of minus $420.12; a July 9, 2005 County Market Receipt indicating the use of a $100 bill to pay a $35.55 grocery balance and July 9, 2005 receipt for purchase of used Sony Play Station and discs for $149.99 were properly seized under the plain view doctrine pursuant to <u>Russell</u>. Accordingly, defendant's motion to suppress this evidence will be denied.

Accordingly, the Court adopts the Magistrate's report and recommendation to deny the defendant's motion to suppress evidence as modified herein. Defendant's motion to suppress evidence will be denied.

<u>U.S. v. Trammell</u>, 07-CR-90-S

ORDER

IT IS ORDERED that the recommendation of the Magistrate Judge to deny defendant's motion to suppress evidence is ADOPTED.

IT IS FURTHER ORDERED that defendant's motion to suppress evidence is DENIED.

Entered this 10th day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge