IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Plaintiff,                              ORDER

          v.
                                                                     07-cr-090-jdp
THOMAS TRAMMELL,

                              Defendant.

---

In 2007, defendant Thomas Trammell was sentenced to 200 months of imprisonment after pleading guilty to armed bank robbery, in violation of 18 U.S.C. § 2113. In May 2016, Trammell wrote a letter to the court asking for appointment of counsel for the purpose of challenging his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Under this court's policy for responding to submissions raising a potential *Johnson* challenge, the court sent Trammell a notice stating that his letter was sent to the Federal Defender's office to review whether his case was appropriate for them to take up. The notice also told Trammell to contact the Federal Defender directly if he had any questions.

I did not hear back from the Federal Defender's Office, from which I infer that the office chose not to pursue representation of Trammell.[1] Perhaps Trammell has also come to this conclusion and considers the matter closed. But perhaps he is waiting to hear back from the court about his letter, so I will formally address it now.

I will deny Trammell's request for appointment of counsel because he does not need the assistance of the Federal Defender or any other lawyer to submit a motion challenging his

---

[1] I recently checked back with the Federal Defender's office about Trammell's letter, and an attorney there informed me that the office would not be filing anything in this case, which I take as confirmation that the Federal Defender is not representing Trammell.

sentence under 28 U.S.C. § 2255 if he believes that *Johnson* applies to his case. Trammell remains free to file a § 2255 motion, but if he does so he will need to explain (1) why he thinks *Johnson* applies to his sentence; and (2) why he has waited more than a year after the issuance of the *Johnson* opinion to file his § 2255 motion. These issues should not be too complex for him to handle without counsel. Should Trammell file a § 2255 motion, I will review it and consider whether to appoint counsel for the purposes of fully litigating the issues raised in the motion.

ORDER

IT IS ORDERED that defendant Thomas Trammell's motion for appointment of counsel, Dkt. 46, is DENIED.

Entered February 2, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge